JgCLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE

On February 20, 1998, Tanya Lee Daniels had attended a Mardi Gras Parade in Metairie, Louisiana. She then went to Rusty’s Pool Tavern, owned by Gregory Miller, in LaPlace, Louisiana. She had consumed approximately 5-6 beers at the parade and a shot of tequila at the bar. Daniels testified at trial that she had gone to Rusty’s Tavern to shoot pool with her roommates. She and a friend then sat down at a table, which was close to where Christopher Pitre sat. Shortly before, Pi-tre’s friend, Ricky and another customer, Jimmy Reed, had been involved in a disturbance. Following that disturbance, Pi-tre and Reed were allowed back into the bar.
Shortly after Daniels sat down, she and Pitre started arguing. Daniels testified at trial that Pitre then asked her if she wanted to take the matter outside. The bartender, Tracey Howard, testified at trial that as soon as she heard the argument, she asked Pitre to leave and got between the two individuals. Daniels states that Pitre started to leave the bar but then turned and kicked her in the stomach. When she bent down to get her hat, he punched her in the jaw. Howard testified that as she got between Daniels and Pitre, Daniels picked her up and moved her out of the way three times. Howard did not specify who hit who first, but she did state that they both hit each, other.
IsThe trial court pointed out in its judgment that Howard varied in her trial testimony and her statements. Her statements made to police officers on the night of the incident indicated that Pitre was the aggressor, and mentioned nothing about Daniels moving her out of the way. Her trial testimony indicated that Daniels prevented her from breaking up the fight by moving her out of the way several times.
As a result of her injuries, Daniels was taken by ambulance to the emergency room at River Parishes Hospital. She sustained injuries to her jaw and forehead. Dr. Joseph Gautreaux treated Daniels and based upon his findings and readings of the x-rays of her jaw, he performed surgery and installed arch bars in her mouth. The arch bars stayed in her mouth for about a month and a second surgery was necessary to remove them. Daniels was on a liquid diet while the bars were in place.
Daniels filed suit against Pitre, Gregory Miller, owner of Rusty’s Pool Tavern, and Essex Insurance Company. Miller filed a reconventional demand for attorney’s fees. Trial was held on June 6, 2003 and a Judgment was rendered on that date. The trial court found in favor of Daniel in the amount of $14,500.00, plus interest and costs. The trial court also awarded medical expenses in the amount of $14,258.91. The trial court assessed 20% liability to Daniels, 15% liability to Gregory Miller d/b/a Rusty’s Pool Tavern, and found Christopher Pitre to be 65% responsible. Miller’s reconventional demand for attorney’s fees was denied.
Daniels filed a Motion for New Trial, which was partially granted by the trial court on the limited issue of apportionment of comparative fault. The trial court did not change the general damage award of $14,500.00, plus interest and costs, or the award of medical expenses of $14,258.91. The trial court found that Daniels’ actions did not amount to an intentional tort, and therefore, her recovery |4must not be reduced because of her negligent actions. *602 The trial court further changed the apportionment of fault of the parties and found that Gregory Miller d/b/a Rusty’s Pool Tavern was 25% at fault and Christopher Pitre was 75% at fault.
Gregory Miller d/b/a/ Rusty’s Pool Tavern now appeals this judgment arguing three assignments of error. First, he argues that Daniels, by “being a smart ass”, intentionally and voluntarily initiated and continued to engage-in a spirited confrontational discussion with Christopher Pitre, and, as such, is culpable for a percentage of her alleged damages. Second, he argues that the district court erred in assessing any damages against defendant Gregory Miller d/b/a Rusty’s Pool Tavern. And finally, he argues that Daniels did not suffer anything other than bruises and a bloody nose as a result of the assault by Pitre.
For the reasons which follow, we affirm the trial court’s judgment in favor of Daniels and affirm the trial court’s apportionment of 75% fault to Pitre and 25% fault to Gregory Miller d/b/a Rusty’s Pool Tavern. We further affirm the trial court’s general damage award of $14,500.00 and the award of medical expenses of $14,258.91.

DISCUSSION

First, we agree with the trial court that Daniels’ was partially at fault in bringing about her injuries. But, we also agree with the trial court that Daniels’ actions did not amount to an intentional tort and her recovery must not be reduced because of her actions. La. C.C. art. 2323(C) states that “... if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced.” Since Daniels’ injuries were partly a result of her negligence and the intentional tort of Pitre, her damages cannot be reduced because of her own fault.
Second, we agree with the trial court’s determination that Pitre is 75% at fault in the cause of the fight that led to Daniels’ injuries. Pitre argued with [ ¡^Daniels and asked if she wanted to take the matter outside. According to Howard, the bartender, Pitre was asked to leave, but did not obey. Pitre then kicked Daniels in the stomach, and punched her in the jaw. We find that Pitre was the aggressor in the argument and fight and we affirm the trial court’s apportionment of 75% fault to Pitre.
Third, we agree with the trial court’s assessment of 25% fault to Gregory Miller d/b/a Rusty’s Pool Tavern. We must apply a duty-risk analysis to determine whether liability exists on the part of Gregory Miller d/b/a/ Rusty’s Pool Tavern. Daniels must prove that the conduct of Miller d/b/a Rusty’s was a cause-in-fact of her resulting harm, that he owed her a duty of care, that the duty was breached and that the risk of harm was within the scope of protection afforded by the duty breached. Posecai v. Wal-Mart Stores, Inc., 99-1222, (La.11/30/99) 752 So.2d 762, 764, citing Syrie v. Schilhab, 96-1027, p. 4-5 (La.5/20/97), 693 So.2d 1173, 1176-77; Berry v. State, 93-2748, p. 4 (La.5/23/94), 637 So.2d 412, 414.
Under the duty-risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover. Posecai, supra, citingLeJeune v. Union Pacific R.R., 97-1843, p. 6 (La.4/14/98), 712 So.2d 491, 494. The threshold issue is whether the defendant owed the plaintiff a duty. Posecai, supra, citing Meany v. Meany, 94-0251, p. 6 (La.7/5/94), 639 So.2d 229, 233. Although business owners are not the insurers of their patrons’ safety they do have a duty to implement reasonable *603 measures to protect their patrons from criminal acts when those acts are foreseeable. There is generally no duty to protect others from the criminal activities of third persons. Posecai, supra, citing Harris v. Pizza Hut of Louisiana, Inc. 455 So.2d 1364, 1371 (La.1984). This duty only arises under limited circumstances, when the criminal act in question was reasonably foreseeable to the owner of the business. Determining whether a crime is foreseeable is, therefore, a critical inquiry. Pose-cai, supra. A balancing test is the best method for | ¡¡determining when business owners owe a duty to provide security for their patrons. The foreseeability of the crime risk on the defendant’s property and the gravity of the risk determine the existence and the extent of the defendant’s duty. The greater the foreseeability and gravity of the harm, the greater the duty of care that will be imposed on the business. The foreseeability and gravity of the harm are to be determined by the facts and circumstances of the case. - The most important factor to be considered is the existence, frequency and similarity of prior incidents of crime on the premises, but the location, nature and condition of the property should also be taken into account. It is highly unlikely that a crime risk will be sufficiently foreseeable'for the imposition of a duty to provide security guards if there have not been previous instances of crime on the business’ premises. Posecai supra.
At Rusty’s Pool Tavern on the day of the altercation in question, there was only one bartender working in the entire bar. Before the altercation, Pitre had been asked to leave the establishment because his friend had been involved in a fight with someone else. The police were called because of this fight. Pitre was allowed to return to the bar, but was allegedly refused alcohol. There were several other reports of criminal activity from this same night that were introduced into evidence at trial.
Based on the above, we find that Gregory Miller d/b/a Rusty’s Pool Tavern owed a duty to Daniels and its other patrons to protect them from the criminal activities of third persons. These criminal activities were foreseeable, therefore, the business and/or the owner owed a duty to the patrons. Pitre and other patrons had been in fights and other altercations earlier in the evening, the police had repeatedly been called to the bar, and Pitre and others had been asked to leave and then allowed to return.
|7We further find that Miller d/b/a Rusty’s Pool Tavern’s breached the duty by only providing one bartender and providing no security at the bar on that day and this was a cause-in-fact of Daniels’ injuries. In addition, the risk of harm was within the scope of protection afforded by the duty owed to the patrons of the bar.
As a result, we affirm the trial court’s judgment in favor of Daniels. We also affirm the trial court’s apportionment of 25% fault to Miller d/b/a Rusty’s Pool Tavern, with the remaining 75% fault assessed to Pitre. Finally, we affirm the trial court’s general damage award of $14,500, plus interest from the date of demand and costs. We also affirm the trial court’s award of $14,258.91 for medical damages.
In accordance with the above, we affirm the trial court’s judgment.

AFFIRMED.